STATE OF MAINE
HANCOCK, SS.

SUPERIOR COURT
Docket No. AP-01-8
*A/M̃---- . . . 5/14 ∾ᴑɔ̃ᴙ*

PATRICK JORDAN, et al.,    )
      Plaintiff,    )
              )
              )
      v.    )    **DECISION AND JUDGMENT**
              )
              )
CITY OF ELLSWORTH,    )
      Defendant.    )

DONALD L. GARBRECHT
LAW LIBRARY

SEP 18 2002

The Plaintiffs seek to construct apartment buildings and a commercial building upon two parcels of land which they own in Ellsworth. The land is zoned as "C-LI" which permits commercial and light industrial uses as well as uses permitted in C-1 and C-2 zones. Although the new construction of multi-family housing units is not expressly permitted in this C-LI zone, Plaintiffs argue that it falls with the scope of implied permitted uses. The Zoning Board of Appeals disagreed and concluded that the failure of the Land Use Ordinance of the City of Ellsworth (herein, "the Ordinance") to include new apartment construction within the list of approved uses constituted a prohibition of such use.

The court notes that the construction of new apartment facilities is expressly noted as a permitted use in zones other than C-LI. See Ordinance, art. X, Sec.2.C.7; Sec. 4.C.21; and Sec. 5.C.8. As a rule of statutory construction, the inclusion of an item in a list in one section of a statute and the exclusion of the item in another similar list leads to the conclusion that the exclusion was intended, ie. - that it was not excluded by inadvertence or implied by other circumstances.

Plaintiffs suggest that this leads to an absurd and inconsistent result. They point out that the current area of the proposed construction is a mixed use area including commercial, school, and residential structures (including multi-family buildings). They further point out that permitted uses are arguably more burdensome upon the neighborhood that a new apartment building. In this regard, it appears that they are correct. Indeed, the Ordinance allows for the conversion of existing buildings into multi-family units.

However, this apparent anomaly is not as incongruous as it appears at first look. The Defendant suggests, and the court accepts, that the limitations of the C-LI zone may accomplish legitimate legislative ends by the prohibition of new apartment construction.

A mixed commercial/ residential zone presents a neighborhood at risk of becoming devalued or minimalized as a residential area if commercial use expands. For that reason, new residential units may not be a desirable development for such a neighborhood to encourage. Indeed, existing single family residences or other non-commercial structures may become less viable as the neighborhood becomes more commercial - hence the approval to modify these units to multi-family structures, as they risk becoming derelicts if they have no desirability as single family residences and no functionality as commercial structures. The framers of the Ordinance could easily have intended to discourage new residential construction in commercial/ residential areas to avoid the specter of vacant or run-down residential structures if the commercial activity makes the area undesirable to live in.

Accordingly, as the Zoning Board of Appeals has rendered its interpretation of its own ordinance, and the court finds such to be appropriate and proper, the Plaintiffs' appeal is hereby denied, and the matter remanded to the Zoning Board of Appeals as final.

So Ordered.

The, Clerk may incorporate this Order into the docket by reference pursuant to M.R.Civ.P Rule 79 (a).

Dated: May 14, 2002

_____
JUSTICE, SUPERIOR COURT

FILED &
ENTERED

MAY 14 2002

SUPERIOR COURT
HANCOCK COUNTY